**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ANDRAE J. HAMMOND, SR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-21-109 |
| WABASH AUTO GROUP, *Manager*, | * | |
| Defendant | * | |
| | *** | |

### MEMORANDUM

Self-represented plaintiff Andrae J. Hammond, Sr, who lives in Oxon Hill, Maryland, has sued Wabash Auto Group ("Wabash") for breach of contract. ECF 1. He has also moved for leave to proceed in forma pauperis. ECF 2. Because Hammond's financial affidavit demonstrates that he is eligible to proceed in forma pauperis, I shall grant the motion (ECF 2).

### I.      Jurisdiction

This court is one of limited jurisdiction. *Gunn v. Minton*, 586 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Home Depot U.S.A., Inc. v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377). And, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

In general, a district court may hear claims only that arise from a federal question presented,

28 U.S.C. § 1331, or which are based on diversity of citizenship, 28 U.S.C. § 1332. Federal question jurisdiction exists for any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

If at any time a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506-07 (2006).).

### A. Diversity of the Parties' Jurisdiction

Plaintiff brings this action based on diversity of citizenship. ECF 1 at 1; ECF 1-1 § VI. According to the Complaint, however, both parties are domiciled in Maryland. ECF 1 at 1, 2, 3. Plaintiff resides in Oxon Hill and Wabash is located in Baltimore, with its principal place of business in Maryland. ECF 1 at 3. Accordingly, diversity of citizenship jurisdiction does not apply. Additionally, because Hammond is seeking a refund of $3000.00 for his down payment for a vehicle, and $5,000 for payments to repair the vehicle, ECF 1 at 4, the amount in controversy requirement is unsatisfied.

The facts do not support jurisdiction based on diversity of the parties.

### B. Federal Question Jurisdiction

No federal question is presented on the face of the Complaint. Hammond's breach of contract action is a matter of state law.

A "case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257; *see also Am. Well Works Co. v. Layne & Bowler Co*., 241 U.S. 257, 260 (1916) (stating that a "suit arises under the law that creates the cause of action"). A claim is also deemed to arise under federal law for purposes of 28 U.S.C. § 1331 when, although it finds its

origins in state law, "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 690(2006); *see Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1,13 (1983). In this case, the Complaint suggests no basis for jurisdiction based on a federal question.

## II.     Conclusion

Under these facts, there are no grounds for this court to exercise jurisdiction over this case. Accordingly, I shall dismiss this case, without prejudice, in a separate Order to follow.[1]

March 8, 2021                                    /s/
Date                                             Ellen L. Hollander
                                                 United States District Judge

---

[1] Hammond may be able to pursue his claims in state court, as appropriate.